**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **MAIN HASTINGS, LLC,**<br><br>        Plaintiff,<br><br>v.<br><br>**HALLIBURTON COMPANY; AND JET RESEARCH CENTER, INC.,**<br><br>        Defendants. | Case No. 2:10-cv-_____<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

1.      Main Hastings, LLC for its Complaint against Defendants Halliburton Company ("Halliburton") and Jet Research Center, Inc., ("Jet"), alleges, based on its own knowledge with respect to its own actions and based upon information and belief with respect to all other actions, as follows:

## THE PARTIES

2.      Main Hastings, LLC (hereinafter "Plaintiff") is a Texas limited liability company.

3.      Plaintiff, as to the false marking claim, represents the United States and the public, including Defendants' existing and future competitors.

4.      On information and belief, Defendant Halliburton is a Delaware corporation, with its principal place of business at 3000 North Sam Houston Parkway East, Houston, Texas 77032.  Defendant Halliburton's registered agent in Texas is C T Corporation System, 350 N. St. Paul St., Ste. 2900, Dallas, Texas 75201.

5.      On information and belief, Defendant Jet is a Texas corporation, with its principal place of business at   8432 S Interstate 35 W, Alvarado, Texas 76009, and is a subsidiary of

Defendant Halliburton. Defendant Jet may be served at its Texas registered agent C T Corporation System, 350 N. St. Paul St., Ste. 2900, Dallas, Texas 75201.

6. Defendants regularly conduct and transact business in Texas, throughout the United States, and within the Eastern District of Texas, themselves and/or through one or more subsidiaries, affiliates, business divisions, or business units. On information and belief, Defendants both maintain their corporate headquarters in Texas.

## JURISDICTION AND VENUE

7. The federal claim pleaded herein arises under 35 U.S.C. §292(b).

8. Subject matter jurisdiction for this federal claim is conferred upon this Court by 28 U.S.C. §1338(a).

9. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 (b)-(c) and 1395(a), because: (i) Defendants' products and/or services that are the subject matter of this cause of action are advertised, marked, offered for sale, and/or sold in various retail stores and/or on the Internet in this District; (ii) a substantial part of the events or omissions giving rise to the claim occurred in this District; and (iii) Defendants are subject to personal jurisdiction in this District, as described above.

10. Plaintiff brings this action under 35 U.S.C. § 292(b), which provides that any person may sue for civil monetary penalties for false patent marking.

## BACKGROUND

11. This is an action for false patent marking under Title 35, Section 292, of the United States Code related to the ShaleEval Service Process and Casing and Drillpipe Cutters branded and distributed by Defendants.

12. The purpose of this lawsuit is to act in the public interest to enforce the policy underlying the false marking statute, 35 U.S.C. §292.

13. Defendants have and continue (and/or have and continue to cause others) to mark upon, affix to, and/or use in advertising U.S. Patent Nos. 5,263,360 and 5,117,911 which have expired, thus violating 35 U.S.C. § 292(a) by marking upon unpatented articles with the purpose of deceiving the public.  More specifically, Defendants, with the purpose of deceiving the public, make, sell, and/or advertise or have made, sold and/or advertised at least the following products and/or services with a patent number that has expired:  the ShaleEval Service Process and Casing and Drillpipe Cutters (collectively referred to as "the products") (*See* Exhibits 1-3, attached hereto).

14. Defendants used packaging, product literature and/or advertising in connection with unpatented products and/or services that bear the word "patent" and/or any word or number importing that the product and/or service is patented.

15. The marking and false marking statutes exist to give the public notice of patent rights. Congress intended the public to rely on marking as a ready means of discerning the status of intellectual property embodied in an article of manufacture or design.  Federal patent policy recognizes an important public interest in permitting full and free competition in the use of ideas which are, in reality, a part of the public domain.

16. False patent marking is a serious problem.  Acts of false marking deter innovation and stifle competition in the marketplace. If an article that is within the public domain is falsely marked, potential competitors may be dissuaded from entering the same market.  False marks may also deter scientific research when an inventor sees a mark and decides to forego continued research to avoid possible infringement.  False marking can cause unnecessary investment in design around or costs incurred to analyze the validity or enforceability of a patent whose number has been marked upon a product with which a competitor would like to compete.

Furthermore, false marking misleads the public into believing that a patentee controls the article in question (as well as like articles), externalizes the risk of error in the determination, placing it on the public rather than the manufacturer or seller of the article, and increases the cost to the public of ascertaining whether a patentee in fact controls the intellectual property embodied in an article.  In each instance where it is represented that an article is patented, a member of the public desiring to participate in the market for the marked article must incur the cost of determining whether the involved patents are valid and enforceable.  Failure to take on the costs of a reasonably competent search for information necessary to interpret each patent, investigation into prior art and other information bearing on the quality of the patents, and analysis thereof can result in a finding of willful infringement, which may treble the damages an infringer would otherwise have to pay.  False markings may also create a misleading impression that the falsely marked product is technologically superior to previously available ones, as articles bearing the term "patent" may be presumed to be novel, useful, and innovative.

17. The false marking statute explicitly permits *qui tam* actions. By permitting members of the public to sue on behalf of the government, Congress allowed individuals to help control false marking.

18. Main Hastings, LLC, on its own behalf and on behalf of the United States, seeks an award of monetary damages of not more than $500 for each of Defendants' violations of 35 U.S.C. § 292(a), one-half of which shall be paid to the United States pursuant to 35 U.S.C. § 292(b).

19. Defendants did not have, and could not have had, a reasonable belief that their products or services were properly marked.

20. Defendants are large, sophisticated companies.

21. Defendants have, or regularly retain, legal counsel.

22. Defendants have experience applying for patents, obtaining patents, licensing patents and/or litigating in patent-related lawsuits.

23. Defendants know that a patent expires and that an expired patent cannot protect any product or service.

24. Each false marking on the products identified in this Complaint is likely to, or at least has the potential to, discourage or deter persons and companies from commercializing competing products or services.

25. Defendants' false marking of the products has wrongfully quelled competition with respect to such products thereby causing harm to Plaintiff, the United States, and the public.

26. Defendants have wrongfully and illegally advertised patent monopolies which they do not possess and, as a result, have benefited by maintaining a substantial market share with respect to the products referenced in this Complaint.

27. Defendants marked, affixed, and/or used in advertising at least the ShaleEval Service Process identified herein with the following expired patent: United States Patent No. 5,263,360 ("the '360 Patent"). A copy of the '360 Patent is attached as Exhibit 5.

28. Defendants marked, affixed, and/or used in advertising at least the Casing and Drillpipe Cutters products identified herein with the following expired patent: United States Patent No. 5,117,911 ("the '911 Patent"). A copy of the '911 Patent is attached as Exhibit 7.

29. The '360 Patent, titled "Low Permeability Subterranean Formation Testing Methods and Apparatus," was issued by the United States Patent and Trademark Office on November 23, 1993, and expired on November 23, 1997 for failure to pay maintenance fees. (See Exhibit 4.)

30. The '911 Patent, titled "Shock Attenuating Apparatus and Method," was issued by the United States Patent and Trademark Office on June 2, 1992, and expired on June 2, 1996 for failure to pay maintenance fees. (*See* Exhibit 6.)

31. Any product or method once covered by the claims of the '360 or '911 Patents are no longer protected by the patent laws of the United States. When the patents expired, their formerly protected property entered the public domain. When a patent expires, all monopoly rights in the patent terminate irrevocably and, therefore, a product or service marked with an expired patent is not "patented" by such expired patent.

32. Defendants knew that the '360 Patent expired on November 23, 1997 for failure to pay maintenance fees. Publicly available records show that the U.S. Patent and Trademark Office mailed a maintenance fee reminder to Defendants on or about July 1, 1997; nonetheless, Defendants chose not to pay such maintenance fee and knowingly allowed the '360 Patent to expire.

33. Defendants knew that the '911 Patent expired on June 2, 1996 for failure to pay maintenance fees. Publicly available records show that the U.S. Patent and Trademark Office mailed a maintenance fee reminder to Defendants on or about January 9, 1996; nonetheless, Defendants chose not to pay such maintenance fee and knowingly allowed the '911 Patent to expire.

34. Despite the fact that the claims of the '360 Patent is no longer afforded patent protection, Defendants marked, affixed to, and/or used in advertising at least their ShaleEval Service Process the '360 Patent following its expiration date.

35. Despite the fact that the claims of the '911 Patent is no longer afforded patent protection, Defendants marked, affixed to, and/or used in advertising at least their Casing and Drillpipe Cutters products the '911 Patent following its expiration date.

36. Because all monopoly rights in the '360 and '911 Patents have terminated, Defendants cannot have any reasonable belief that the products or services are patented or covered by these patents.

37. Defendants intended to deceive the public by marking, affixing to, and/or using in advertising the products and/or services with the said patents.  The Halliburton Shale Stimulation Process brochure that bears a 2009 copyright notice date, and is available in easily modifiable electronic format on the Halliburton website (Exhibit 1), still lists the '360 Patent on page 2 and claims that the product or service is "available only from Halliburton", despite the fact that they willingly and knowingly allowed the patent to expire over 13 years ago.  Jet's JRC Pipe Equipment Recovery "2008_catalog" (Exhibit 2), available in easily modifiable electronic format on their website, lists the '911 Patent on pages 1, 9, and 13 which is used to show Jet's technological superiority over its competition in each iterance, despite the fact that they willingly and knowingly allowed the patent to expire approximately 12 years prior to the time of creation and/or publication of this catalog.  Halliburton's Cased-Hole Wiring Services brochure (Exhibit 3), available in easily modifiable electronic format on Halliburton's website, also lists the '911 Patent on pages 4-48 and 4-51 to show technological superiority, despite the fact that they willingly and knowingly allowed the patent to expire over 14 years ago.  Despite the prolonged period since the expiration of the '360 and '911 Patents, Defendants nevertheless knowingly and repeatedly continue to mark the products and/or services with the expired '360 or '911 Patents with intent to deceive the public and mislead the public into believing that the products and/or

services are protected by the '360 or '911 Patents. Despite the fact that the foregoing brochures, catalogs and other literature are in easily modifiable electronic format and published on websites controlled by the Defendants, and despite one or more revisions to the foregoing brochures, catalogs and other literature by the Defendants since the expiry of the '360 and '911 Patents, Defendants have nevertheless knowingly and repeatedly used and continue to use the expired '360 and '911 Patents in marking, offering for sale and/or advertising their products and services, with intent to deceive the public.

38. Defendants knew that the products and/or services were not covered by the patents when they were marked and/or used in advertising.

39. Therefore, Defendants intentionally deceived the public by labeling and/or using in advertising the products and/or services with the said patents.

## COUNT I
### (False Marking with Expired Patents)

40. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

41. Defendants falsely marked, affixed to, and/or used in advertising the products and/or services with the '360 and/or '911 Patents, which have expired.

42. Defendants knew or reasonably should have known that marking, affixing to, and/or using in advertising the products with the said patent was in violation of 35 U.S.C. § 292, which only authorized marking on "patented" article.

43. Defendants intended to deceive the public by marking the products and/or services with the said patents and/or using said patents in advertising materials available to the general public.

## DAMAGES

44. Main Hastings, LLC, on its own behalf and on behalf of the United States, seeks an award of monetary damages of not more than $500 for each of Defendants' violations of 35 U.S.C. § 292(a), one-half of which shall be paid to the United States pursuant to 35 U.S.C. § 292(b).

## JURY DEMAND

45. Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

46. Plaintiff requests that the Court, pursuant to 35 U.S.C. § 292:

47. Enter judgment against Defendants and in favor of Plaintiff for the violations alleged in this Complaint;

48. Order Defendants to pay a civil monetary fine of $500 per false marking "offense," one-half of which shall be paid to the United States and one-half of which shall be paid to Plaintiff;

49. Enter a judgment and order requiring Defendants to pay Plaintiff's prejudgment and post-judgment interest on the damages awarded;

50. Order Defendants to pay Plaintiff's costs and attorney fees; and

51. Grant Plaintiff such other and further relief as it may deem just and equitable.

Respectfully Submitted,

/s/ *Gregory P. Love*
_____
Gregory P. Love
Texas State Bar No. 24013060
Scott E. Stevens
Texas State Bar No. 00792024
Kyle J. Nelson
Texas State Bar No. 24056031
Stevens Love

P.O. Box 3427
Longview, Texas  75606
Telephone: 903-753-6760
Facsimile: 903-753-6761
greg@stevenslove.com
scott@stevenslove.com
kyle@stevenslove.com

**ATTORNEYS FOR PLAINTIFF
MAIN HASTINGS, LLC**